THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RACHEL JACOBSON,

Plaintiff,

v.

STEVEN KRAFCHICK,

Interested Party.

CASE NO. C13-1519-JCC

ORDER ENFORCING ATTORNEY LIEN AND GRANTING ATTORNEY'S FEES

This matter comes before the Court on the Interested Party's Amended Motion for Summary Judgment to Enforce Amended Lien (Dkt. No. 41). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **GRANTS** the motion and grants the Interested Party an attorney's lien on **$65,560.83** of the proceeds currently held in the Court's registry and awards **$86,459.75** in reasonable attorney's fees for the reasons explained herein.

## I. BACKGROUND

Interested Party Steven Krafchick and his firm Krafchick Law Firm (Krafchick) represented Plaintiff Rachel Jacobson (Jacobson) in her ERISA case against her former employer and insurer (Defendants). Dkt. No. 1 at 1–2; Dkt. No. 41 at 2. Under the contingency fee agreement reached by the parties, Krafchick was entitled to 40% of back benefits awarded at the time they were paid and 25% of future benefits for ten years if a lawsuit was filed to obtain relief

for Jacobson. Dkt. No. 41 at 3–4. On March 2, 2014, the parties notified this Court that a settlement had been reached between Jacobson and the Defendants. Dkt. No. 21. ]

Subsequently, Jacobson indicated that she would not pay the fees owed to Krafchick, and he filed a Notice of Attorney's Lien. Dkt. No. 26 at 2. The Defendants filed a motion that, *inter alia*, requested permission to deposit $63,082.68 of disputed settlement funds into the Court's registry, along with monthly payments of $3,290.00 as they came due. Dkt. No. 30 at 2. The Court granted Defendants' motion for leave to deposit the disputed settlement funds into the Court registry and dismissed the Defendants with prejudice, discharging them from further liability. Dkt. No. 37. Judgment in the underlying case was issued by this Court on December 5, 2014. Dkt. No. 38. The current value of proceeds in the Court registry subject to dispute is $72,952.68 (the original deposit plus three monthly installments). Dkt. No. 41 at 5.

Krafchick has filed an Amended Motion for Summary Judgment to Enforce Amended Lien, claiming that: (1) Krafchick possesses a clear right to a lien against Jacobson's recovery pursuant to RCW 60.04.101(1)(d), which currently consists of the $72,952.68 in the Court's registry; (2) Krafchick has fully performed by obtaining Jacobson's recovery award and is therefore entitled to fees under the contingency fee contract; (3) the Court should award prevailing party attorney fees to Krafchick pursuant to the contingency fee agreement between the parties; and (4) any claims by Jacobson of legal malpractice or breach of fiduciary duty on the part of Krafchick are unfounded. Dkt. No. 41 at 11–18, 21–23. Krafchick now claims total outstanding costs of $153,501.08 ($64,588.33 for the contingency fee on back benefits, $4,453.00 for unreimbursed case costs, $33,740.00 for outside attorney fees, and $52,719.75 for fees incurred by Krafchick related to this dispute). Dkt. No. 41 at 24, Ex. 4–7.

## II. DISCUSSION

### A. Jurisdiction

Under Washington law, adjudication of an attorney lien proceeding is considered an ancillary matter to the underlying case. *King County v. Seawest Inv. Assoc's, LLC*, 170 P.3d 53,

55 (Wash. Ct. App. 2007). The attorney lien statute of Washington does not set out a procedure for adjudicating a lien against a judgment, and a court possesses discretion as to how to properly adjudicate such a claim. *Id.* at 58.

All prior proceedings in this case have been tried before this Court and the underlying issue arises under ERISA, a federal law. The Court retains jurisdiction over the attorney lien dispute between the parties as an ancillary matter to the underlying action.

**B. Merits**

**1. Attorney Lien Filed by Krafchick**

An attorney has a lien for his or her compensation for services rendered pursuant to a special agreement whether specially agreed upon or implied. RCW 60.40.010(1)(d). A contingency fee agreement is considered a special agreement under the statute. *See, e.g.*, *Ross v. Scannell*, 647 P.2d 1004 (Wash. 1982). A lien created pursuant to subsection (1)(d) is not affected by settlement between the parties, and proceeds under the statute include identifiable cash that comes into the possession of a client through payment by an opposing party or distribution from the attorney's trust account or registry of the court. RCW 60.40.010(4)–(5).

The contingency fee agreement between Krafchick and Jacobson is a valid special agreement under the Washington attorney lien statute. This instrument, including proposed changes by Jacobson which were accepted by Krafchick, was specially agreed upon by the parties. Dkt. No. 41 at 11. This contingency fee agreement was not affected by the settlement of the underlying case, and therefore applies to the proceeds currently held in the Court's registry or which have been distributed to Jacobson. Although the present motion by Krafchick was inappropriately named as a summary judgment motion rather than a motion to enforce an attorney lien,[1] the Court finds that the contingency fee agreement is valid and should be

[1] Krafchick acknowledges that the present motion is not strictly one for summary judgment. However, the Court may determine the validity of the lien based on a summary inquiry into the facts based on a paper review. Dkt. No. 45 at 4; RCW 60.40.030(2).

enforced.

**2. Value of Krafchick's Lien**

The contingency fee agreement between Krafchick and Jacobson set forth various procedures for calculating the appropriate fee owed to Krafchick, depending on how the case was ultimately resolved. Because a suit was filed outside the administrative process, the agreement stated that the firm's fee consists of 40% of back benefits awarded at the time back benefits are paid, and 25% of future benefits for the duration of the contract or ten years, whichever is shorter. Dkt. No. 41 at 3.

The original settlement value agreed upon by the parties was $188,681.42. Dkt. No. 41, Ex. 2 at 12. Krafchick is not seeking or charging any attorney fee on money paid to Jacobson for attorney fees ($25,000) and prejudgment interest ($17,080.59), a total value of $42,080.59. *Id.* This leaves a total disputed value of $146,600.83 in back benefits subject to the 40% contingency fee rate agreed upon by the parties. Dkt. No 41 at 3. This yields a value of **$58,640.33** that may be claimed by Krafchick under the contingency fee agreement pertaining to back benefits.

The Defendants have made three additional payments of $3,290 each to the Court registry for Jacobson's monthly disability benefits. These deposits total $9,870, and are subject to the 25% contingency fee rate applied to future benefits, as agreed upon by the parties. Dkt. No. 41 at 3. This yields a value of **$2,467.50** that may be claimed by Krafchick under the contingency fee agreement pertaining to future benefits.

Krafchick argues that he is entitled to an additional $4,453.00 for outstanding case costs. Dkt. No. 41, Ex. 2 at 5–6, Ex. 10. Under the contingency fee agreement between the parties, Krafchick was granted the discretion to advance costs as necessary to successfully pursue Jacobson's case, to be deducted from the proceeds of any settlement or verdict recovered. Dkt. No. 44, Ex. 3 at 5. The agreement stipulated that any advance costs that exceeded Jacobson's trust deposit of $7,500 would need to be approved by Jacobson. Dkt. No. 44, Ex. 3 at 5–6. All

of the itemized charges listed by Krafchick are acceptable advance costs listed in the contingency fee agreement, and the value expended does not exceed the trust deposit of Jacobson. Therefore, the Court finds that the attorney's lien sought by Krafchick applies to an additional **$4,453.00** for reimbursement of advance costs.

In total, the Court finds that the attorney's lien sought by Krafchick applies to **$65,560.83** of the proceeds held in the Court's registry as of December 31, 2014 under the parties' contingency fee agreement.

**3. Krafchick's Right to Contingency Fee Award**

Generally, an attorney who is discharged prior to full performance under a contingency fee contract is not entitled to the contingency fee. *Ramey v. Graves*, 191 P. 801, 802 (Wash. 1920). If an attorney is discharged or prevented from performing the service, the measure of damages is reasonable compensation for the services actually rendered. *Id.* A court may still grant an attorney the full contingency fee award despite their discharge if they have substantially performed their duties owed to their client. *Taylor v. Shigaki*, 930 P.2d 340, 343 (Wash. Ct. App. 1997). The substantial performance doctrine is applied where only minor deviations prevent full contractual performance. *Id.* at 729.

Under Washington law, Krafchick has fully performed his duties owed to Jacobson under the contingency fee agreement. Krafchick was retained to assist Jacobson in her ERISA case against the Defendants, and obtained a favorable settlement consisting of $164,358.92 as an "Up Front Settlement Amount" and reinstatement of Long Term Disability benefits of $3,290.00 per month. Dkt. No. 30, 3–4. Krafchick was never discharged as the attorney for Jacobson, and remains named counsel, despite the present dispute, at Jacobson's insistence. Dkt. No. 41 at 5, Ex. 2 at 23. Therefore, the Court finds that Krafchick is entitled to the contingency fee award because he ws never discharged and has fully performed his obligations under the contingency fee agreement between the parties.

**4. Alleged Breaches of Fiduciary Duty by Krafchick**

An attorney must exercise the degree of skill, diligence, and knowledge commonly possessed and exercised by a reasonable, careful, and prudent lawyer in the practice of law to satisfy the duty of care. *Hizey v. Carpenter*, 830 P.2d 646, 652 (Wash. 1992). The Code of Professional Responsibility (CPR) and WSBA Rules of Professional Conduct (RPC) are not intended to constitute a basis for civil liability, but rather provide only vague guidelines as to the legal standard of care. *Id.* Common law theories of malpractice are more appropriate in bringing a malpractice claim than reference to the CPRs or RPCs. *Id.* at 264. Provisions of the RPC may be considered outside of the malpractice context. *Cotton v. Kronenberg*, 44 P.3d 878, 882 (Wash. Ct. App. 2002). Whether an attorney breached an RPC provision is a question of law and does not require the opinion of an expert. *Eriks v. Denver*, 824 P.2d 1207, 1210–11 (Wash. 1992).

Jacobson does not bring an action for malpractice against Krafchick for violation of the CPRs or RPCs. Jacobson requests an evidentiary hearing to be granted so that she may conduct discovery and assert defenses and counter-claims to Krafchick's representations and fees. Dkt. No. 43 at 20, 24. Jacobson only offers facts pertaining to RPC 1.2, 1.6, and 1.7.

A lawyer must abide by a client's decisions regarding the objectives of representation. RPC 1.2(a). Jacobson argues that Krafchick violated RPC 1.2 by failing to abide by Jacobson's instructions on several occasions and pressured Jacobson to accept a settlement she was reluctant to consider. Dkt. No. 43 at 22. Krafchick has stated that the only instruction he refused to obey was one that demanded he withdraw the claim for an attorney's lien and give up most of his fees. Dkt. No. 45 at 7. Such a refusal does not violate RPC 1.2. Krafchick was retained to represent Jacobson in her ERISA case against the Defendants. Pressure to accept a settlement does not rise to the level of violating RPC 1.2, and the substantial settlement obtained by Krafchick on Jacobson's behalf belies any claim of damage or misrepresentation. Although Jacobson fails to specify particular instances of Krafchick failing to abide by her instructions, his refusal to give

up his fees and his motion for an attorney's lien do not violate RPC 1.2 because the instruction was not related to his representation of Jacobson in the underlying ERISA case. Therefore, Jacobson's claim for violation of RPC 1.2 is without merit.

A lawyer shall not reveal information relating to the representation of a client unless he obtains informed consent, the disclosure is impliedly authorized in order to carry out the representation, or the disclosure is permitted by other sections of the Rule. RPC 1.6(a). An attorney may reveal information relating to the representation of a client if he reasonably believes that it is necessary to establish a claim or defense in a controversy between the lawyer and the client. RPC 1.6(b)(5). Jacobson alleges that Krafchick violated RPC 1.6 by including confidential documents and information in his motion for an attorney's lien. Dkt. No. 43 at 21. Jacobson fails to provide specific information concerning what confidential information was improperly disclosed. The Court finds insufficient grounds to find that a breach of RPC 1.6 has occurred.

An attorney shall not represent a client if the representation involves a concurrent conflict of interest, which may exist if there is a significant risk that the representation of the client will be materially limited by the personal interest of the lawyer. RPC 1.7(a)(2). A lawyer may represent the client, notwithstanding the concurrent conflict of interest, if the lawyer reasonably believes that he will be able to provide competent and diligent representation to each affected client and each affected client gives informed consent confirmed in writing. RPC 1.7(b)(1), (4). Krafchick seasonably notified Jacobson of his conflict of interest upon notification that Jacobson would contest the contingency fee agreement, to which Jacobson responded by insisting that Krafchick remain as her attorney for the duration of negotiations with the Defendants. Dkt. No. 45 at 6. Neither party has offered evidence regarding whether this informed consent was memorialized. Therefore, Krafchick violated RPC 1.7 by failing to obtain a writing confirming

Jacobson's informed consent.[2] Jacobson's allegation that Krafchick violated his ethical obligation by failing to withdraw as counsel after obtaining the settlement is not persuasive because Krafchick's underlying concurrent conflict of interest of representing Jacobson against the Defendants was terminated by the settlement agreement.

The Court may exercise its discretion in denial or disgorgement of fees due to a breach of ethical duties. *Eriks*, 824 P.2d at 1213. The majority of Jacobson's claims for Krafchick's breaching of fiduciary duties owed to her are without merit. Krafchick's violaton of RPC 1.7 was harmless error that did not affect the favorable settlement obtained on behalf of Jacobson. The Court declines to grant an evidentiary hearing or discovery on this issue, and does not order disgorgement of fees by Krafchick due to the violation of RPC 1.7.

### C. Costs Incurred by Krafchick as Prevailing Party in Dispute Over Attorney Lien

Krafchick now claims reasonable attorney fees and costs pursuant to the Dispute Resolution clause of the contingency fee agreement between the parties. Dkt. No. 41, Ex. 1 at 7. These costs include $33,740.00 for fees paid to outside counsel regarding the dispute over the fee agreement, and $52,719.75 for costs incurred by Krafchick while working on this dispute over attorney fees. *Id.* The total attorney's fees claimed by Krafchick are $86,459.75. Jacobson does not challenge the amount claimed by Krafchick for attorney's fees.

When considering an award of attorney's fees, a court considers the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10)

---

[2] However, Krafchick's violation of RPC 1.7 by failing to obtain a confirmatory writing constitutes harmless error.

the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). This has been complemented by the "lodestar method" of determining attorney fee awards in fee-shifting cases, which focuses on (1) the reasonableness of the hours, and (2) the reasonableness of the hourly rate. *Yahoo!, Inc. v. Net Games, Inc.*, 329 F.Supp.2d 1179, 1182 (N.D. Cal. 2004). The lodestar method has subsumed five of the original *Kerr* factors: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; (4) the results obtained…; and (5) the contingent nature of the fee agreement. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996) (internal quotation and citations omitted, alteration in original). Therefore, the Court will examine: (1) the reasonableness of the hours; (2) the reasonableness of the hourly rate; (3) the time and labor required; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the "undesirability" of the case; (8) the nature and length of the professional relationship with the client; and (9) awards in similar cases to determine whether the attorney's fees claimed by Krafchick are reasonable.

The first factor examined is the reasonableness of the hours claimed. Krafchick originally filed his Notice of claim of Attorney's Lien on May 29, 2014 with this Court. Dkt. No. 26. Krafchick has provided itemized invoices documenting the hours he, members of his firm, and outside counsel have spent pursuing the claim for an attorney's lien. Dkt. No. 41, Exs. 6, 7, 8 at Attachment B, 9 at 3, 12, 13. The Court does not find any of the itemized charges frivolous or unrelated to the pursuit of this claim. Therefore, the Court finds the hours billed for this dispute reasonable.

The second factor examined is the reasonableness of the claimed hourly rate. The background of each attorney who has worked on the present dispute regarding the attorney's lien has been provided by Krafchick to demonstrate the reasonableness of their hourly rates. Dkt.

No. 26 at 13; Dkt. No. 41 at 3, Exs. 2, 5, 8, 9, 13. The Court does not find that any of the hourly rates charged are excessive or without reasonable basis. Therefore, the Court finds the hourly rates reasonable.

The third factor examined is the time and labor required by the case. The alleged original cause of this dispute arose prior to May 29, 2014, and was the result of statements and actions of Jacobson that indicated she was not going to pay the fees owed to Krafchick upon settlement of her case. Dkt. No. 26 at 2. The long-running nature of this dispute and the supporting documentation of the hours in its resolution by Krafchick and outside counsel indicate that the time and labor claimed by Krafchick is justified. Therefore, the Court finds that Krafchick has spent a reasonable amount of time and labor in pursuing this claim for an attorney's lien.

The nature and length of the professional relationship between Krafchick and Jacobson supports the award of Krafchick's claimed attorney's fees. This dispute has been ongoing since at least May 29, 2014, following Jacobson's representations that she would not pay Krafchick the amount owed under the contingency fee agreement between the parties. Dkt. No. 26 at 2. The resolution of the underlying ERISA case and the present dispute over the attorney's lien has been complicated by the intervention of Jacobson's brother Mr. Markofsky. Dkt. No. 41, Ex. 1 at 4. The fees incurred by Krafchick while pursuing his claim for an attorney's lien have resulted from the original representation that Jacobson was not going to honor the contingency fee agreement and her alleged insistence that he remain as counsel for the duration of negotiations with the Defendants. Dkt. No. 41, Ex. 2 at 23–24. Therefore, the Court finds that the long-term and complicated professional relationship between Krafchick and Jacobson are sufficient grounds to justify the attorney's fees claimed by Krafchick.

Neither party has offered evidence or arguments regarding the time limitations imposed by the client or the circumstances, preclusion of employment by the attorney due to acceptance of this case, or the "undesirability" of the case. The customary fee charged for an ERISA case and the value of awards in similar cases are not at issue in the present dispute over the attorney

lien filed by Krafchick.

An attorney lien properly extends only to the attorney's compensation, whether specially agreed upon or implied. RCW 60.40.010(1). Jacobson correctly argues that Krafchick improperly requested that the original attorney's lien be extended to the fee-shifting provision contained in the contingency fee agreement between the parties. Dkt. No. 43 at 22–24. The original lien sought by Krafchick only applies to the disputed fee amount currently contained in the Court's registry, which consists of 40% of back benefits awarded and 25% of future disability payments. Therefore, the Court declines to extend Krafchick's attorney's lien beyond the original contingency fee agreement, as discussed *supra*, Subsection 2 of Section B.

However, the Dispute Resolution clause contained in the contingency fee agreement between Krafchick and Jacobson provides the proper basis to award attorney's fees to Krafchick resulting from the present dispute. Therefore, pursuant to the Dispute Resolution clause, the Court finds that Krafchick is entitled to **$86,459.75** in reasonable attorney's fees.

## III. CONCLUSION

For the foregoing reasons, the Interested Party's Amended Motion for summary Judgment to Enforce Lien (Dkt. No. 41) is **GRANTED**. The Interested Party is entitled to **$65,560.83** of the proceeds currently held in the Court's registry, exclusive of any monthly disability benefits paid subsequent to December 31, 2014, pursuant to the contingency fee agreement between the parties. The Interested Party is entitled to an additional **$86,459.75** in reasonable attorney's fees resulting from the pursuit of its claim for an attorney lien, pursuant to the Dispute Resolution clause contained in the original contingency fee agreement between the parties.

The clerk is authorized and directed to draw a check(s) on the funds deposited in the registry of this court in the principal amount of $65,560.83, minus any statutory users fees, payable to the Krafchick Law Firm and mail or deliver the check(s) to Krafchick Law Firm, 100 W Harrison, STE 300 South Tower, Seattle, WA 98119. The Court will subsequently rule

regarding the funds remaining in the registry after the check to Krafchick Law Firm has been issued.

DATED this 24th day of February 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE